948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Abbott Darnell MOORE, Plaintiff-Appellant,
v.
B.M. ECKERT, Defendant-Appellee,
and
County of Henrico, Defendant.
 No. 91-7094.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 12, 1991.
Decided Dec. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-90-626-R)
 Abbott Darnell Moore, appellant pro se.
 Karen Meriwether Adams, County Attorney's Office, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Abbott Darnell Moore appeals from the district court's order entered pursuant to a jury verdict dismissing with prejudice his 42 U.S.C. § 1983 (1988) action against Henrico County Police Officer Bruce M. Eckert. Our review of the record and the district court's order discloses that this appeal is without merit.* Accordingly, we affirm.
 
 
 2
 Moore was shot twice by Officer Eckert when Eckert was in the process of arresting him for breaking and entering. Moore had fled the scene of the crime and Eckert chased him to his hiding place in a dumpster. Moore had stolen a .357 magnum revolver and had carried it into the dumpster. Eckert stated that as Moore emerged from the dumpster, he aimed the cocked gun at the police officer who responded by shooting him. Moore claims that Eckert used excessive force in arresting him. A police officer may not use deadly force in apprehending a fleeing suspect unless he has probable cause to believe that the suspect presents a risk of serious physical harm to the officer or others. Tennessee v. Garner, 471 U.S. 1, 11 (1985). The jury was left to ponder whether Moore had the gun in his hand at the time he was shot and whether a reasonable officer in Eckert's position could have believed that Moore presented an imminent threat to the officer or others.
 
 
 3
 After weighing the evidence, the jury returned a verdict for Eckert. Moore has failed to state on appeal any basis for questioning the jury's verdict. Finding no reversible error in the record before us, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Moore proceeded pro se on appeal and did not file an informal brief. He also did not comply with the request that he file a statement of issues on appeal to permit the Court to determine whether the appeal presented a substantial question warranting preparation of a transcript at government expense under 28 U.S.C. § 753(f) (1988)